CHARLES F. PETERSON v. STATE OF NEBRASKA.

FILED DECEMBER 18, 1901.   No. 12,021.

1. Intoxicating Liquors: POSSESSION WITHOUT LICENSE OR PERMIT:
   LOCUS IN QUO: PRESUMPTION.  The possession of intoxicating
   liquors by a person, without a license or permit, at a place
   other than a residence, is presumptive evidence that they were
   kept for sale in violation of law, and casts the burden upon
   such person to satisfactorily account for and explain the pos-
   session thereof.

2. Whiskey: BEER: INTOXICATION: PRESUMPTION.   Courts will take
   judicial notice that whiskey and beer are intoxicating.

3. Instruction: REQUEST.  Error can not be predicated upon the fail-
   ure to instruct upon a particular feature of a case, when the
   trial judge has not been requested to do so.

4. Writing: BEST EVIDENCE.  A writing is the best evidence of what
   it contains.

5. Cross-Examination: JUDICIAL DISCRETION.  The scope of the cross-
   examination of a witness rests largely in the trial court, and its
   ruling will be upheld, unless an abuse of discretion is shown.

ERROR from the district court for Phelps county.  Tried
below before ADAMS, J.  *Affirmed.*

*Hall & Reed* and *James I. Rhea,* for plaintiff in error.

*Frank N. Prout, Attorney General,* and *Norris Brown,
Deputy,* for the state.

NORVAL, C. J.

Charles F. Peterson was prosecuted in the court below
for the crime of keeping intoxicating liquors with intent to
sell the same, without having obtained a license so to do.
Upon the trial he was convicted, and the sentence im-
posed was a fine of $300 and costs of prosecution.  By this
proceeding it is sought to reverse said judgment.

The first contention is that the instructions to the jury
were erroneous, in that they failed to state the issue and
the law applicable to the case.  The criticisms are against
the instructions *en masse,* and particularly that the court

omitted to instruct the jury on the question of residence. This prosecution is under section 20, chapter 50, Compiled Statutes, which provides:

"Hereafter it shall be unlawful for any person to keep for the purpose of sale without license any malt, spirituous, or vinous liquors in the state of Nebraska, and any person or persons who shall be found in possession of any intoxicating liquors in this state, with the intention of disposing of the same without license in violation of this chapter, shall be deemed guilty of a misdemeanor and on conviction thereof shall be fined or imprisoned as provided in section eleven of this chapter; *provided,* That this shall not apply to physicians or druggists holding permits for the sale of liquors for medicinal, mechanical, chemical, or sacramental purposes, or persons having liquors for home consumption. If any credible, resident freeholder of any county, in this state shall, before any police judge, county judge, or justice of the peace, make complaint and information in writing and on oath that he has reason to believe and does believe that any intoxicating liquor, describing it as particularly as may be, in said complaint is in said county, in any place described as nearly as may be in said complaint, owned or kept by any person named or described in said information as particularly as may be, and is intended to be, or is being, by the person named or described in said complaint, sold without license in violation of this chapter, said magistrate shall, upon filing said complaint and believing there is probable cause therefor, issue his warrant for the search of the premises described in said complaint, and the arrest of the person therein named or described as the case may be, naming and describing the liquors, person, and premises as in the complaint, which warrant shall be directed to the sheriff, city, or village marshal or constable, as the complainant may request, and said warrant shall further command the officer that after a thorough and diligent search of said premises, he shall seize the said liquor with the vessels containing it and to keep the same securely until final action be had thereon;

and immediately arrest the person named or described in said warrant, or the person in charge of the said liquors and bring him before said magistrate for examination, and the possession of any of said liquors shall be presumptive evidence of a violation of this chapter and subject the person to the fine prescribed in section eleven, unless after examination he shall satisfactorily account for and explain the possession thereof, and that it was not kept for an unlawful purpose. Where any liquors shall have been seized by virtue of any such warrant the same shall not be discharged or returned to any person claiming the same, by reason of any alleged insufficiency of the description in the complaint or warrant of the liquor or places, but the claimant shall be entitled to an early and speedy hearing on the merits of the cause; Provided, That in case the place described in said complaint and to be searched is the residence of the person named or described in said complaint, or any other person, then and in that case the warrant shall not issue unless the complaint shall state that within thirty days, immediately preceding the filing thereof, that liquor describing it has been sold therein in violation of this chapter."

It will be observed that the section makes the possession of any intoxicating liquors presumptive evidence of a violation of the statute, and subjects the person to the penalty prescribed, unless he shall satisfactorily account for and explain the possession of the intoxicating liquors, and that they were not kept for an unlawful purpose. The accused insists that no such presumption can be indulged in this case, and he invokes the last proviso-clause of said section. The court instructed the jury, in effect, that the possession of intoxicating liquors by the defendant was presumptive evidence of his guilt, unless he should satisfactorily explain such possession. The argument of the accused is that under the said last proviso no such presumption from the possession of liquors at a residence obtains, unless the state has proved an unlawful sale of liquors within thirty days of the filing of the complaint, and that the court there-

fore erred in its instructions upon the subject. A short answer to this is that the evidence discloses that the intoxicating liquors were found in the defendant's possession at his place of business, hence the proviso in question is not applicable in this case. Moreover, the information does not charge that liquors were in the possession of the defendant at his residence. Therefore, it was not error for the court to fail to instruct the jury relative to said proviso. The defendant was not entitled to the benefit of the provisions thereof.

Another infirmity imputed to the instructions is that they failed to inform the jury that the liquors must be intoxicating, to justify a conviction. The information charges the defendant with keeping whiskey and beer with intent to sell and dispose of the same contrary to law; and the court instructed the jury, in substance, that it was necessary for the state to establish that the defendant had in his possession the liquors described in the information, or some of them, with the intent to sell the same unlawfully. It was not necessary to charge the jury that the liquors were intoxicating. Whiskey and beer are well-known intoxicants, and require no proof of such fact. *State v. Teissedre*, 30 Kan., 476; *Stout v. State*, 96 Ind., 407; *Briffitt v. State*, 58 Wis., 39; *Kerkow v. Bauer*, 15 Nebr., 150, 155. Two barrels containing bottled beer, labeled "Pabst Export Beer," were found in the possession of the defendant and seized. The defendant introduced evidence tending to show that he ordered a beverage known as "Malt Mead," and that the barrels containing beer were sent him in lieu thereof through a mistake, which fact he had not discovered at the time the liquor was seized. It is urged that this feature of the case was not submitted to the jury by the instructions. No request to charge along that line having been tendered by the accused, error can not be predicated upon the failure of the court to submit that question to the jury. *German Nat. Bank v. Leonard*, 40 Nebr., 676; *Barr v. City of Omaha*, 42 Nebr., 341; *Laing v. Nelson*, 40 Nebr., 252.

Complaint is made upon the ruling of the court upon the introduction of testimony. Defendant testified that the two barrels which contained beer were received the day before the premises were searched by the sheriff; that defendant purchased from the wholesale house of Hund & Eger, St. Joe, Mo., the beverage known as "Pabst Malt Mead." The accused was then asked this question by his counsel: "Q. Mr. Peterson you may state whether or not previous to receiving these two barrels you ordered any beer from Hund & Eger. By Mr. Dailey: Q. Was that order in writing? A. Yes, sir. (State objects to any testimony on this line for the reason the order would be the only competent evidence. Sustained. Exception.)" The defendant then offered to prove by himself that prior to receiving the two barrels of beer he ordered from the firm of Hund & Eger two barrels of Pabst Malt Mead, and that he did not order or purchase at that time from said firm any beer. The objection of the state to this offer was sustained, and an exception to the ruling was noted. The answer to the question was properly excluded, since the order for goods was admitted to be in writing, and the paper itself was the best evidence of its contents. This is a familiar rule. The evidence tendered by the offer had no tendency to establish a defense. It had not then been shown that the barrels containing the beer were received from Hund & Eger. Furthermore, the testimony offered did not tend to establish that the defendant did not purchase the beer from that firm or any one else, only that at the time he ordered the two barrels of Pabst Malt Mead he did not purchase or order from them any beer. This might be all true, and yet it did not go to show that he had not purchased the two barrels containing beer.

It is also urged that the court erred in not permitting certain witnesses to testify that, at the time the goods were received, Peterson believed, and acted upon the belief, that such goods were malt mead, and not intoxicating. It is not pointed out in argument, nor are we able to see, how the witnesses were able to tell what the defendant believed.

They were not shown to be mind readers. The defendant's good faith or intentions, or the want thereof, was for the jury to determine from the evidence, and it was clearly incompetent for persons other than the defendant to testify as to his intent or belief.

Some criticisms are made relative to the cross-examination of the accused. Considerable discretion is vested in a trial court as to the scope of a cross-examination, and this record fails to disclose an abuse of discretion in this case, or that the rights of the defendant were prejudiced thereby.

We have examined the other rulings on the admission of testimony, and have observed no prejudicial error therein.

It is finally urged that the verdict is not supported by sufficient evidence. It was shown that shortly before the filing of the complaint that the defendant sold beer to one O. D. Harris and others. Two barrels containing beer were found in defendant's possession. These facts were sufficient to justify the jury in finding him guilty.

The judgment is accordingly

AFFIRMED.

NOTE.—There is no presumption of law that a liquor described simply as "beer" is a malt liquor. *State v. Beswick*, 13 R. I., 211. There is no presumption that a liquor so described is an intoxicating liquor. *Blatz v. Rohrbach*, 116 N. Y., 450. Whether ale and cider are intoxicating liquors is a question for the jury. *State v. Biddle*, 54 N. H., 379. Ale and strong beer are included in the statutory term "strong and spirituous liquors." *Nevin v. Ladue*, 3 Denio [N. Y.], 437. Lager beer is not included in the statutory term "spirituous and vinous liquors." *State v. Brindle*, 28 Ia., 512. Where the defendant is prosecuted for an unlawful sale of intoxicating liquor, and upon the trial the evidence shows a sale of beer, under circumstances which would make the sale unlawful if the beer were intoxicating, it will be presumed the beer so sold was an intoxicating liquor. *Stout v. State*, 96 Ind., 407, cited in the foregoing opinion. The case of *Nevin v. Ladue, supra,* contains a very learned review of the question by Chancellor Walworth, and the case is followed in *Board of Excise v. Freeoff*, 17 How. Pr. [N. Y.], 442.—REPORTER.