[File No. 101 Cr.]

In the Matter of the Application of CHRIST AIPPERSPACH for a Writ of Habeas Corpus.

(248 N. W. 488.)

Opinion filed April 22, 1933.

*Fredricks & Fredricks*, for petitioner.

*Arthur J. Gronna*, Attorney General, *P. O. Sathre*, Assistant Attorney General, and *Russell D. Chase*, State's Attorney, for respondent.

PER CURIAM. This is an original application for a writ of habeas corpus presented to this court after a denial of an application for such writ by the Honorable Fred Jansonius, Judge of the Fifth Judicial District, wherein the petitioner is confined. It appears from the petition that the petitioner was arrested for violating the state prohibitory law. He was charged with the crime of engaging in the liquor traffic by having in his possession in Stutsman County on April 10, 1933, two pints of beer with an alcoholic content of more than one-half of one per cent of alcohol by volume, but containing 3.2 per cent of alcohol by weight. It is conceded that the charge made against the defendant in the criminal complaint constituted a criminal offense in this state prior

to the repeal of § 217 (article 20) of the state Constitution, commonly known as the prohibition provision. In this state the manufacture and sale of intoxicating liquors were forbidden by a constitutional provision that was adopted contemporaneously with the constitution and such provision remained in full force and effect, until it was repealed at the general election on November 8, 1932, pursuant to an initiative petition. The contention of the petitioner is that the repeal of the provisions of the constitution relating to prohibition *ipso facto* operated to repeal all statutes relating to the prohibition of the manufacture, sale, gift, use or possession of intoxicating liquor in this state, as such statutes were in fact enacted pursuant to the constitutional mandate. To quote from petitioner's brief:

"The petitioner contends that the repeal of article 20 of the state Constitution had the effect to strike down all the statutory enactments which were passed by the legislature in obedience to the command and mandate of that Constitution."

We are unable to agree with petitioner's contention. It is doubtless true, as he contends, that where a constitutional amendment is adopted that is inconsistent with previous constitutional provisions or legislative enactments it operates to repeal such inconsistent provisions or enactments; and where the legislative power to enact some law is bottomed upon some constitutional provision it necessarily follows that the repeal of the provision results in a repeal of the statute; but that is not the condition as regards the state prohibitory laws. In State v. Ligaarden, 59 N. D. 475, 481, 230 N. W. 729, 70 A.L.R. 126, this court said:

"Section 217 of the state constitution was not intended to be a grant of legislative power, it was a command that the legislative power should be exercised to prohibit the liquor traffic. The provision was not self-executing. It required legislative action to carry the constitutional mandate into effect. State ex rel. Ohlquist v. Swan, 1 N. D. 5, 44 N. W. 492. If § 217 had never been adopted the legislative assembly would still have had unquestioned power to prohibit the importation, manufacture, transportation, sale or possession of intoxicating liquors."

It is probably true that the constitutional mandate was responsible for the form and scope of the prohibitory legislation enacted in this

state prior to the adoption of the 18th amendment to the Constitution of the United States. After the adoption of the 18th amendment and the act of Congress commonly known as the Volstead Act (U. S. C. title 27) the North Dakota legislative assembly sought to bring the prohibition laws of the state in accord with the 18th amendment and the Act of Congress. Laws 1921, chap. 97, § 15. It is entirely improbable however that there would have been no statutory restrictions on the sale of intoxicating liquors if there had been no constitutional prohibition, either state or national. Before the constitution of the state was adopted provision had been made by the territorial legislature for a local option law. Under the provisions of that law the people of any county could, by a majority vote, prohibit the sale of intoxicating liquors in such county; and in all the other counties of the state, where the people had failed to take affirmative action under the local option law, the liquor traffic could be carried on only under the restrictions imposed by law. State ex rel. Ohlquist v. Swan, 1 N. D. 9, 10, 44 N. W. 492.

Notwithstanding its positive language § 217 was not intended to, and did not, constitute a rule of action. It did not suffice to repeal or abrogate the provisions of the then existing statutory law relating to the liquor traffic. State ex rel. Ohlquist v. Swan, 1 N. D. 5, 44 N. W. 492.

Section 217 made it the moral duty of the legislative assembly to enact laws to prohibit the manufacture and sale of intoxicating liquors as a beverage within the state of North Dakota; but it did not operate as a law, and there was no law prohibiting the manufacture or sale of intoxicating liquors until the legislature spoke. Section 217 did not vest the legislative assembly with power that it did not formerly possess but placed upon it a moral duty to legislate. This is not a case therefore where legislative acts are based upon a power granted by a given constitutional amendment, for the legislative power to enact the state prohibitory laws existed wholly independent of § 217. The repeal of that section was not an abrogation of a power conferred upon the legislative assembly, but the repeal of a mandate to enact laws. The power to legislate remained precisely the same as it was before. Hence, the repeal of § 217 does not present a situation at all like that presented where a constitutional provision, which constitutes the

source of legislative power, is repealed. In such case, of course, legislation which has its basis of validity in the power granted to the legislative assembly is repealed when the power itself is withdrawn. The fact that the reason which inspired the enactment of a statute has ceased to exist does not operate to repeal the law. The repeal can only be effected by appropriate legislative action.

If, at the last general election, there had also been submitted an initiative measure repealing the state prohibitory laws, the legislative assembly which convened in January, 1933, would have had power to re-enact all such former laws notwithstanding the action of the people taken at the polls. In short, the question whether such laws should or should not be repealed is a matter not embedded in the constitution, but resting in legislative judgment and discretion and the repeal of the constitutional mandate would in no manner effect a repeal of the statutes which the lawmakers had adopted, any more than the repeal of such statutes would have operated to strike out the constitutional mandate. If it be assumed that at the last general election the proposed constitutional amendment, instead of merely providing for a repeal of § 217, had further provided that "the sale of intoxicating liquors shall be permitted in this state under such regulations as the legislature may prescribe," it follows from the rule announced by this court in State ex rel. Ohlquist v. Swan, supra, that the adoption of such constitutional amendment would not have operated to repeal the state prohibitory law but these would have remained in full force and effect until new statutes were enacted by the legislature.

We are agreed, therefore, that the repeal of § 217 of the constitution did not result in a repeal of the statutory provisions relating to the manufacture and sale of intoxicating liquors in this state. Hence, the criminal complaint under which the petitioner was arrested and is now being held states facts sufficient to constitute a public offense. The application for a writ of habeas corpus is denied.

NUESSLE, Ch. J., and CHRISTIANSON, BURR, BIRDZELL and BURKE, JJ., concur.