GEORGE ZIMMERMAN V. STATE OF NEBRASKA.

FILED JANUARY 24, 1936. No. 29686.

*Frank A. Dutton, Foster & Yates* and *S. D. Killen,* for plaintiff in error.

*William H. Wright, Attorney General, Paul P. Chaney* and *Lester A. Danielson, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and CARTER, JJ., and CHASE, District Judge.

CARTER, J.

Plaintiff in error, who will be referred to herein as the defendant, was convicted in the district court for Gage county for the unlawful possession of intoxicating liquor. From the overruling of his motion for a new trial, the defendant prosecutes error to this court.

The defendant first contends that the verdict is not sustained by sufficient evidence. The record shows that on the evening of December 15, 1934, the police officers of the city of Beatrice searched the apartment of one Lola Kelly and found between 40 and 50 bottles of whiskey and 2 one-gallon cans of alcohol. The defendant was present when the officers came in and at the time was holding a pint bottle of whiskey in one hand and the cap in the other. A third person, a stranger to the officers, was present and informed the officers in the presence of the defendant that

he was there for the purpose of purchasing liquor. The officers testified that the defendant told them at the time that they "might just as well pour that out, that's moonshine whiskey and the tax isn't paid on it." The defendant testified that he had known Lola Kelly for six years or more and had been taking many of his evening meals at the apartment during that period. He denied ownership of the liquor in question, stating that he had gone to the pantry, observed the bottle and was merely examining it when the officers came in. Upon a consideration of all the testimony and circumstances of this case, we are convinced that the evidence is sufficient to support a finding by the jury that the defendant was aiding and abetting in the unlawful possession of intoxicating liquor by Lola Kelly, even though he may not have been the owner thereof. This is sufficient under the law of this state to sustain a charge of unlawful possession of intoxicating liquor. *Stumpff v. State,* 122 Neb. 49, 239 N. W. 212.

Defendant complains that the court's instruction on reasonable doubt is erroneous because it contained the following sentences: "You are not at liberty to disbelieve as jurors, if from all the evidence you believe as men. Your oath imposes on you no obligation to doubt where no doubt would exist if no oath had been administered." While it is true that this court has criticized the use of this language in instructions to a jury, we have repeatedly held that it is not prejudicially erroneous. *Liesenfeld v. State,* 129 Neb. 802, 263 N. W. 213.

The defendant further contends that the repeal of section 10, art. XV of the Constitution, which prohibited the manufacture, sale, keeping for sale or barter of intoxicating liquors, repealed all existing statutory provisions of like tenor. To this contention we cannot agree. The theory of our government is that the federal government is one of delegated powers which are expressly stated in or can reasonably be implied from the language of the federal Constitution itself. Each state has all of the governmental powers that have not been delegated to the federal govern-

ment by the Constitution of the United States, and such that have not been denied to the states or reserved to the people themselves. The suppression or regulation of the liquor traffic has always been considered in this state as a proper legislative function under the police power. *Pleuler v. State,* 11 Neb. 547, 10 N. W. 481. Prior to the adoption of section 10, art. XV of the Constitution, there was no constitutional expression of the will of the people with reference to the absolute prohibition of intoxicating liquors. There being no constitutional inhibition, the legislature had authority, under the police power, to select the method of regulation which it desired. With the adoption of section 10, art. XV of the Constitution, the legislature was directed by the people to enact laws providing for absolute prohibition. Its adoption meant that the power of the legislature to enact laws of less severity was withdrawn from it, and, as the writer of the brief for the state well says, "It was not a source of power, it was a limitation of power." The legislature thereupon enacted laws prohibiting the manufacture, sale, giving away, barter, carriage, possession and use of malt, spirituous, vinous, alcoholic and intoxicating liquors. Laws 1917, ch. 187. This act could have been lawfully enacted by the legislature even if section 10, art. XV of the Constitution, had not been adopted. The repeal of section 10, art. XV of the Constitution, merely meant that the limitation on the power of the legislature to enact laws with reference to the liquor traffic had been removed. The legislature then had the power to leave the enacted laws with reference to the control of the liquor traffic as they were, or it could make any changes it desired so long as they were consistent with the general police power of the state. The limitation on the power of the legislature to regulate the liquor traffic having been removed by the repeal of section 10, art. XV of the Constitution, and there being no other constitutional inhibition inconsistent therewith, the act of the legislature under consideration remains in full force and was in no way affected by the repeal of said section 10, art. XV of the Constitution.

In considering a similar situation, the supreme court of North Dakota said: "The repeal of that section was not an abrogation of a power conferred upon the legislative assembly, but the repeal of a mandate to enact laws. The power to legislate remained precisely the same as it was before. Hence, the repeal of section 217 does not present a situation at all like that presented where a constitutional provision, which constitutes the source of legislative power, is repealed. In such case, of course, legislation which has its basis of validity in the power granted to the legislative assembly is repealed when the power itself is withdrawn." *In re Aipperspach,* 63 N. Dak. 358, 248 N. W. 488.

The defendant cites *Massey v. United States,* 291 U. S. 608, 78 L. Ed. 1019, and *United States v. Gibson,* 5 Fed. Supp. 153, in support of his contention. These cases hold that the powers delegated to congress by the Eighteenth Amendment to the federal Constitution are effective, and acts of congress in keeping therewith are valid only during the life of such amendment and that legislative acts existing by virtue of the Eighteenth Amendment become inoperative with its repeal. This is true because, without the Eighteenth Amendment, the congress was without power to act, during peace times at least, on the subject of the prohibition of the use of intoxicating liquors. It was the source of power upon which the congress could act. With the adoption of the Twenty-first Amendment, the power delegated by the Eighteenth Amendment was withdrawn. The source of their power being withdrawn, all acts passed under it must of necessity fall with it. But this can have no application to the case at bar where the repealing amendment voids a constitutional provision limiting a preexisting power that the legislature already had.

Until appropriate legislative action is taken, the acts of the legislature, existing at the time section 10, art. XV of the Constitution, was repealed, must necessarily remain in full force and effect.

For the reasons herein stated, the judgment of the district court is

AFFIRMED.