GEORGE WILSON v. STATE OF NEBRASKA.

FILED APRIL 15, 1936. No. 29513.

*Raymond E. McGrath,* for plaintiff in error.

*William H. Wright, Attorney General, Milton C. Murphy* and *Lester A. Danielson, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

PAINE, J.

George Wilson was prosecuted for selling two bottles of beer on August 11, 1934, in the village of Elmwood, Cass county, without first having obtained a license from the village board; and upon a verdict of guilty he was fined $500 and costs.

The plaintiff in error, hereinafter called the defendant, seeks to set aside his conviction on the ground that there was prejudicial error in the admission in evidence of the two bottles of beer. The defendant insists that the penalty imposed of $500 is excessive, and unwarranted by the evidence, and should be set aside or reduced by the court, and that the court erred in overruling defendant's demurrer.

The testimony discloses that J. H. Miller, a resident of Lincoln since 1915, an employee of the state sheriff's office, on August 11, 1934, went to the defendant's café in Elmwood at 2:00 p. m. and purchased two bottles of beer from the defendant personally. He took the bottles of beer out to his car, unopened, and put on the seals and labels that appeared upon the exhibits when they were introduced in court. Mr. Miller delivered these two bottles of beer to the state chemist's office, and R. B. Willard, who has charge of the laboratory, testified that the exhibits were examined by him, and that each contained 2.6 per cent. alcohol by volume, and that the beer was capable of being used as a beverage.

The clerk of the village of Elmwood testified that he had been acquainted with the defendant for many years, and that the defendant had made application to the village board for a beer license, but none had been granted to him.

The defendant testified that he operated a café in Elmwood, and in October, 1933, secured a federal license, which license was still in force on the day he sold this beer; that after October 1, 1933, he made several applications to the village board for a beer license, but same was refused by the board because there was no ordinance whereby they could issue him a license for the sale of beer; that at the time of his arrest he had been selling beer about 11 months in his place of business next to the post office, in a building owned by the state banking board.

The defendant's objection to the admission of the two bottles of beer is based on the fact that the beer was purchased on August 11 and that it. was not delivered to the office of the state chemist until August 20, and no reason is given for this delay. The objection was that no proper and sufficient foundation had been laid. The court's ruling in admitting these exhibits in evidence was correct, for there was no doubt whatever that the identical beer purchased by the deputy state sheriff was the beer delivered to and analyzed by the state chemist.

We will next consider the alleged error in the overruling of the demurrer, based on the ground that certain sections of the Laws of 1933, hereinafter set out, are void and unconstitutional because they contain conflicting provisions with reference to the definition of the term "intoxicating liquor." Section 10, art. XV of the Nebraska Constitution, being the prohibition amendment, was adopted by popular initiative vote in 1916, and took effect on May 1, 1917, and absolutely prohibited the manufacture and sale of intoxicating liquor except for medicinal, scientific, mechanical, or sacramental purposes.. This prohibition amendment to our state Constitution was repealed on November 6, 1934, but, the year before the prohibition amendment was repealed, the legislature of 1933 had passed a beer licensure law,

found in chapter 93, Laws 1933, which repealed section 53-101, Comp. St. 1929, which had defined intoxicating liquor as one containing over one-half of one per centum of alcohol, and gave a new definition, as follows: "The words 'intoxicating liquor' or 'intoxicating liquors,' as used in this act, shall be construed to embrace vinous or spirituous liquors, wine, or any other drink, mixture or preparation of like nature, and all other beverage mixtures or preparations, whether patented or not, which will produce intoxication, *or* which contain over three and two-tenths (3.2%) per centum of alcohol by weight." Comp. St. Supp. 1933, sec. 53-101.

The defendant's first attack is that this definition is cast in the alternative so as to embrace all liquors which are intoxicating in fact, even though they do not contain 3.2 per cent. of alcohol, as well as every kind of liquor which contains more than 3.2 per cent. alcohol, and defendant claims that this alternative, as set out by the word "or," italicized above, makes the law so indefinite and vague as to leave the reader uninformed as to what the legislature meant. In our opinion, the defendant has stated very clearly just what the law says and the meaning to be drawn therefrom, and we do not find that the law leaves any uncertainty as to what it means, for there can be no doubt that the defendant understands it perfectly. It is not indefinite or vague.

The defendant next insists that this section of our law under which his conviction occurred was vulnerable to his demurrer, for it is unconstitutional and void for the reason that it permits the sale of intoxicating liquor in violation of the Nebraska prohibition amendment, which was still in force, and in support thereof cites us to three cases, to wit, *Kerkow v. Bauer,* 15 Neb. 150, 18 N. W. 27, *Peterson v. State,* 63 Neb. 251, 88 N. W. 549, and *Sothman v. State,* 66 Neb. 302, 92 N. W. 303, in each of which this court holds that the courts of this state will take judicial notice that beer is an intoxicant. These three Nebraska cases just cited were all decided before 1903, and these decisions of this court were in line with many decisions of the federal courts

at about that period, as well as with those from other states, all of which decisions at that time uniformly held that beer was an intoxicating liquor.

This was doubtless due to the fact that the beer sold before the time of the World War had a much higher alcoholic content. A full discussion of this matter is found in the opinion rendered June 16, 1933, in *Louisville & N. R. Co. v. Falls City Ice & Beverage Co.*, 249 Ky. 807, 61 S. W. (2d) 639, in which a manufacturer of beer with an alcoholic content not exceeding 3.2 per cent. brought action to compel a common carrier to accept such beer for transportation, the carrier having refused on the ground that such beverage was an intoxicating liquor, and prior to March 22, 1933, the transportation of such beer was a violation of the Volstead act, which forbade the transportation in either intrastate or interstate commerce of all beverages exceeding one-half of one per cent. of alcohol by volume, but congress on March 22, 1933, passed a resolution repealing certain portions of the Volstead act and declaring that beer and other liquors containing not more than 3.2 per cent. of alcohol by weight were not intoxicating liquors. It is set out in this decision that many nationally-known beers manufactured previous to the World War had an alcoholic content in excess of 4.81 per cent. of alcohol by weight, and that intoxication does not set in until the blood contains 0.134 to 0.153 per cent. of alcohol, and saying that it is held by many to be a physical impossibility, in view of the fluid capacity of the human stomach, to raise the alcoholic content of the blood to those figures by drinking beer of low alcoholic content.

It appears that in *Ruppert v. Caffey*, 251 U. S. 264, being an opinion by Justice Brandeis, and *National Prohibition Cases*, 253 U. S. 350, it was held that congress had the power, within certain limits, to declare what percentage of alcohol a beer might contain without being deemed intoxicating. Likewise, we hold that the legislature of Nebraska has a wide discretion in defining an intoxicating liquor. The legislature having now declared what beer is an intoxicant, this court will no longer take judicial notice that beer

of an alcoholic content of not more than 3.2 per cent. is intoxicating, as it did in the earlier cases, and the demurrer was rightly overruled in the instant case.

The legislature of 1933, by chapter 93, acting in line with congress, authorized the sale of fermented and brewed beverages containing more than one-half of one per cent. of alcohol; provided the seller first obtained a license from the city council or village board, paying a small fee therefor. This license the defendant had failed to get, and was convicted of selling beer without first securing such license. In our opinion, the demurrer was rightly overruled.

The defendant's fifth assignment of error is to the overruling of a demurrer based on the contention that, when the prohibition amendment, section 10, art. XV of the Constitution, was repealed without reservation by a vote of the people on November 6, 1934, it nullified the law set out in chapter 93, Laws 1933, under which this defendant was convicted by verdict of jury returned December 13, 1934. The defendant insists that the act under which this conviction took place was a special act, dependent upon the prohibition amendment, citing *Fitch v. State,* 102 Neb. 361, 167 N. W. 417. This act, found in chapter 93, Laws 1933, could have been enacted, under the police power of our state, for the licensing of the sale of beer, entirely independent of our prohibition amendment. By its repeal this law did not fall, and the cases cited from the federal courts (*Massey v. United States,* 291 U. S. 608; *United States v. Chambers,* 291 U. S. 217) are not in point, for when the Eighteenth Amendment to our United States Constitution was repealed it left the acts of congress which had been based thereon no foundation whatever upon which to stand, which is not true of acts of our legislature, for that body has the general power, when no prohibition amendment exists, to safeguard temperance, promote obedience to law, and prevent or regulate the manufacture and sale of alcoholic beverages. *Delamater v. South Dakota,* 205 U. S. 93; *Feibelman v. State,* 130 Ala. 122, 30 So. 384; *Clark v. Kansas City,* 176 U. S. 114; *United States v. Gibson,* 5 Fed. Supp. 153; *Zimmerman*

*v. State, ante,* p. 269, 264 N. W. 668. The ruling of the trial court on the demurrer was right in the case at bar.

The last contention of the defendant is that a fine of $500 and costs for selling two bottles of beer without first securing a license is an excessive punishment. The evidence discloses that defendant was born on a farm near Elmwood, and had lived in the community all his life, and he testified that this was the first time he had ever been in trouble of any kind. Under section 29-2308, Comp. St. 1929, it is the duty of this court to render such sentence as in our opinion may be warranted by the evidence. The court is unanimous in declaring that the sentence should be reduced. The sentence is, therefore, fixed at a fine of $200 and costs, and, as so modified, the judgment is affirmed.

AFFIRMED: SENTENCE REDUCED.