In the Matter of the Application of Charles Robert KAY for Writ of Prohibition.

No. A–12780.

Court of Criminal Appeals of Oklahoma.

June 24, 1959.

Francis G. Morgan, Oklahoma City, for petitioner.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BRETT, Judge.

This is an original proceeding brought by Charles Robert Kay, petitioner, against Carl Traub, Judge of the Court of Common Pleas, Oklahoma County, Oklahoma, for a writ of prohibition. In said petition it is alleged that Judge Traub is about to assume jurisdiction of State v. Charles Robert Kay, No. 24977, pending in the Court of Common Pleas on an information wherein it is alleged that the said Kay was unlawfully in possession of a quantity of intoxicating liquor on January 27, 1959; that the said case was set for trial on June 10, 1959, and unless prohibited from proceeding with same by this Court, that court will proceed to trial of said cause No. 24977. Petitioner contends it would be unlawful for the Court of Common Pleas so to do, and said attempt would constitute and amount to an exercise of jurisdiction it does not now possess by law. The reason for said contention, it is urged, is that on April 7, 1959, the people of Oklahoma, by a majority vote, repealed Art. I, Sec. 7, of the Constitution of the State of Oklahoma, by the adoption of Art. XXVII of said Constitution, providing for the repeal of state prohibition and the creation of an Alcoholic Beverage Control Board to control the licensing of the liquor traffic, etc., and thereby repealed all the laws in relation thereto, since there was no saving clause in the said repeal resolution retaining in force and effect the statutes enacted by the Legislature in relation thereto.

To the petition the state responded and in brief asserted that the repeal of Oklahoma's Constitutional prohibition provisions did not create a vacuum from April 7, 1959, until the said repeal provisions could be vitalized by the State Legislature and put in force and effect by legislative acts, but that the statutory provisions remained in full force until repealed by the Legislature, otherwise there would be a hiatus during which time the bootlegger could operate without restraint of law, or lawful license so to do.

In support of his position, petitioner relies on United States v. Chambers, 291 U.S. 217, 54 S.Ct. 434, 78 L.Ed. 763, 89 A.L.R. 1510. His reliance on this case is fundamentally erroneous. He overlooks the fact that the U. S. government is a govern-

ment of limited and delegated powers, and as such has no general police power, save and except as may be specifically delegated to it by the states. 16 C.J.S. Constitutional Law § 177, p. 906. Therefore, the power exercised by Congress under the 18th Amendment was effective only ·during the life of the amendment. When the delegation or source of power was withdrawn, all Acts passed by Congress thereunder likewise fell with it. Without the power conferred by the 18th Amendment, the Federal Government had no police power to prohibit the use of intoxicating liquors. But, such is not the case where the repealing resolution voids a constitutional limitation of a preexisting power which the State Legislature already had.

 Contrary to the limited powers of the Federal government delegated to it by the people, the states possess all the general powers not expressly delegated to the Federal government by the Constitution of the United States, or such that have not been expressly denied to the states, or reserved to the people themselves. In other words, the people of the states are the source of all general powers and the residuary of powers not expressly delegated. The control, suppression, or regulation of the liquor traffic has always been within the general powers of the State of Oklahoma, a subject for legislative control through the exercise of the police power. The police power of the states existed before the birth of the Federal union and exists without any reservation in the State Constitution. Attempts have been made to define police power, but none fits the power and its exercise better than that contained in Ex parte Tindall, 102 Okl. 192, 229 P. 125, quoted in State ex rel. Short v. Riedell, 109 Okl. 35, 233 P. 684, 688, 42 A.L.R. 765, 771:

" 'The term "police power" comprehends the power to make and enforce all wholesome and reasonable laws and regulations necessary to the maintenance, upbuilding, and advancement of the public weal and protection of the public interests.

" 'It is plastic in its nature, and will expand to meet the actual requirements of an advancing civilization and adjust itself to the necessities of moral, sanitary, economic, and political conditions.

" 'No principle in our system of government will limit the right of government to respond to public needs and protect the public welfare.' "

16 C.J.S. Constitutional Law § 175. This police power was in existence even before the adoption by the people of Art. I, Sec. 7, Oklahoma Constitution, providing for state prohibition of the liquor traffic. With the proposal of statehood there were two methods by which prohibition could be provided: First, by specific provision in the State Constitution, as was done; and approved by vote of the people effective November 17, 1907; and, second, by legislative enactments under the police power already possessed by the state. Constitutional prohibition, Art. 1, Sec. 7, was adopted as a limitation of power on the Legislature. Under this constitutional provision, the Legislature was limited to enacting statutes designed to prohibit the liquor traffic as thereafter defined by it in 37 O.S.1951 Intoxicating Liquors, §§ 1 to 131 inclusive, designed to punish those who sought to engage in the manufacture, sale, barter, etc., thereof. These statutory provisions could have been enacted under the police power by the Legislature even if Art. 1, Sec. 7 had never been adopted. The repeal of Constitutional Prohibition on April 7, 1959, merely meant that the Constitutional limitation upon the Legislature's power to enact laws to control the liquor traffic had been removed. The barriers to legislative control of the liquor traffic by means other than Constitutional Prohibition was now a matter of legislative concern within the terms and conditions of and as limited by the repeal resolution.

 This does not mean that the laws enacted by the Legislature under the police power would fall with the Constitutional

prohibition provision. All of such legislative acts were enacted under the police power for the promotion of the general welfare, safety, and security of the people of Oklahoma. They were enacted to safeguard temperance, promote obedience to the law, and to control the use of alcoholic beverages in Oklahoma. Those statutes so enacted by the Legislature remain in full force and effect until proper legislative action is taken to remove them from the statutes of Oklahoma. Zimmerman v. State, 130 Neb. 269, 264 N.W. 668; Wilson v. State, 130 Neb. 752, 266 N.W. 614; In re Aipperspach, 63 N.D. 358, 248 N.W. 488; cases involving the identical question. See also Manning v. Davis, 166 Kan. 278, 201 P.2d 113, 116, wherein the Kansas Supreme Court said:

"A contrary holding would mean that we had no laws on the subject of intoxicating liquors for a period of several months. No such a hiatus in our law was designed, and none such exists."

Certainly, it was not the intent of the Oklahoma Legislature in its repeal resolution and the people in adopting repeal to create a period of anarchy during which the bootleggers would enjoy freedom from any restraint whatsoever, to enjoy an unlicensed bacchanalian selling orgy between repeal and enactment and operation of the Oklahoma Alcoholic Beverage Control Act. No such was intended and none will be sanctioned by judicial determination. Continuity of government under law is essential to the security and life of all the people. This is axiomatic, whether in times of peace under civil law, or under the dominance of invading military might. No such breakdown of governmental control as is contended for by this petitioner is ever sanctioned by either. Hence, we are unable to follow the logic of the petitioner.

The writ of prohibition is accordingly denied, and the lower court directed to proceed with the orderly processes of the law.

POWELL, P. J., and NIX, J., concur.