MUNICIPAL POLICE POWERS — ANIMAL CARE A municipality may not delegate its police power for the enforcement of its animal care ordinances to any organization. The Attorney General's office has received your opinion request wherein you ask the following question: "Can a Municipality delegate its police powers for the enforcement of its animal care ordinances to any organization?" The constitutional concept of "police power" in this State has had its meaning creditably determined by long-standing case law in the State of Oklahoma. In Ex Parte Tindall, 229 P. 125 (1924), it is stated in the sixth syllabus: "The police power is an attribute of sovereignty, inherent in every sovereign state, and not derived from any written Constitution nor vested by grant of any superior power. "The term 'police power' comprehends the power to make and enforce all wholesome and reasonable laws and regulations necessary to the maintenance, upbuilding and advancement of the public wealth and protection of the public interests. "It is plastic in its nature, and will expand to meet the actual requirements of an advancing civilization and adjust itself to the necessities of moral, sanitary, economic, and political conditions. "No principle in our system of government will limit the right of government to respond to public needs and protect the public welfare." Further, in Application of Kay, 341 P.2d 284 (1959), the Court stated: "Contrary to the limited powers of the Federal Government delegated to it by the people, the states possess all the general powers not expressly delegated to the Federal Government by the Constitution of the United States, or such that have not been expressly denied to the states, reserved to the people themselves. In other words, the people of the states are the source of all general powers and the residuary of powers not expressed delegated . . . The police power of the states existed before the birth of the Federal union and exists without any reservation in the State Constitution." It is, therefore, clear that the "police power" is, as stated in Gates v. Easter, 354 P.2d 438 (1960) effected through the legislative powers of the sovereign. Therefore, the determinative issue is whether that power may be delegated, and further, whether the delegated entity may further delegate that power to an additional and separate entity apart from the sovereign. The concept of delegation of power, especially with regard to "police power", is as expressed in 16 C.J.S., Constitutional Law, 177, pages 906 through 908, which section states in part: "Since the police power has not been delegated by the federal Constitution or the several states to the United States, it remains with the individual states. The legislature is primarily vested with the police power of the state and the power generally cannot be exercised by any group or body of individuals not possessing legislative power. . ." As pertains to municipalities, 16 C.J.S., Constitutional Law, 178, page 910, states: "The police power of the states may, in the absence of any constitutional restrictions on the subject, be delegated to the various municipalities throughout the state, to be exercised by them within the* respective corporate limits, or even beyond where expressly authorized by statute or charter, even though the effect of the delegation is to commit to the municipal authorities a measure of discretion with respect to the circumstances under which the powers thus delegated shall be made effective." This statement of law has been followed in Oklahoma as cited in Shinn v. Oklahoma City, 87 P.2d 136 (1939) and Amis v. Bryan Petroleum Corporation, 90 P.2d 936 (1939). Thus the final issue is whether the delegated entity may further delegate or otherwise alienate that power that only the legislature may determine. 16 C.J.S., Constitutional Law, 179, page 913, states: "Neither the state legislature nor any inferior legislative body to which a portion of the police power has been granted can alienate, surrender or abridge the right to exercise such power by any grant, contract, or delegation whatsoever, although in some jurisdictions no provision of controlling law expressly forbids such action. Each successive legislature is of equal authority." This statement has been cited and proven by the state in National Bank of Tulsa Building v. Goldsmith, 226 P.2d 916 (1951) wherein the Court stated: "The police power is an attribute of sovereignty or in effect is sovereignty, and the state and its police power cannot be separated. It is fundamental that the legislature of a state may not part with any of its right to exercise the police power. "'As firmly established as the general rule is the corollary that the discretion of the Legislature cannot be parted with any more than the power itself. Thus, the legislative authority cannot redelegate to any one the ultimate right to determine when, to what extent, and under what circumstances the police power may be properly exercised in any given case.' 11 Am. Jur., Constitutional Law, 254." It is, therefore, the opinion of the Attorney General that your question should be answered in the negative in that a municipality may not delegate its police power, for the enforcement of its animal care ordinances to any organization. (Donald B. Nevard) ** SEE: OPINION NO. 78-150 (1978) **