ALCOHOLIC BEVERAGE CONTROL BOARD — AUTHORITY
The Alcoholic Beverage Control Board does not have authority to pass rules and regulations in areas not specifically authorized by legislation. Absent 37 O.S. 536.1 [37-536.1] (1971), the Board is without authority to enact a rule requiring affirmation of prices to liquor wholesalers. The Attorney General is in receipt of your opinion request wherein you ask, in effect, the following questions: 1. Does the Alcoholic Beverage Control Board have authority to pass rules and regulations in areas not covered by legislation? 2. Absent 37 O.S. 536.1 [37-536.1] (1971), is the Board authorized to enact a rule requiring affirmation of prices to wholesalers? The Alcoholic Beverage Control Board was created by Article XXVII, Section 1 of the Oklahoma Constitution. Article XXVII, Section 3 provides in pertinent part: "The Legislature shall enact laws providing for the strict regulation, control, licensing, and taxation of the manufacture, sale, distribution, possession and transportation of alcoholic beverage, consistent with the provisions of this Amendment." (Emphasis added.) The Constitution does not say that the Board will make all laws dealing with alcoholic beverages. This Section clearly states that overall direction and regulation of alcoholic beverages must come from the Legislature. The only power delegated to the Board is to enforce said laws and to interpret them if necessary by rules and regulations. Two Oklahoma cases held that the Legislature must declare the policy of the law and establish statutes to guide and control the Alcoholic Beverage Control Board's actions. In Matter of Kay, Okl. Cr., 341 P.2d 284 (1959), the court reviewed the doctrine of state police power as it related to the recently enacted Article 27 of the Oklahoma Constitution and stated: "The control, suppression, or regulation of the liquor traffic has always been within the general powers of the State of Oklahoma a subject for legislative control through the exercise of the police power. "The repeal of Constitutional Prohibition on April 7, 1959, merely meant that the Constitutional limitation upon the Legislative power to enact laws to control the liquor traffic had been removed. The barriers to legislative control of the liquor traffic by means other than Constitutional prohibition was now a matter of legislative concern. . . ." (Emphasis added.) In Oliver v. Alcoholic Beverage Control Board, Okl.,359 P.2d 183 (1961), the issue of legislative authority versus Board power was squarely met. The Board voted to require Tulsa retailers to place a fifteen percent markup on all alcoholic beverages sold. The Board's authority for such action was the general language of 37 O.S. 514 [37-514](1) (1971), which provided the Board the power to "supervise . . . and regulate every phase of the business of . . . selling . . . all alcoholic beverages." The Board contended that this general power to regulate included the power to fix prices. The court reviewed Article XXVII, Section 3 of the Oklahoma Constitution, supra, and held: "This amendment to the Constitution vests no power in The Board except to administer and effect such laws as may be adopted by the Legislature. "No power to fix or set the prices of alcoholic liquors at retail is specifically delegated or granted by the Legislature in this Act. Such authority, if any exists, must be shown to have been intended to be delegated by the Legislature, such intent to be obtained from the Act itself. "In view of the failure of the Legislature to expressly grant general price fixing powers to The Board and the omission of legal principles, guides, standards, or rules of action for exercising such power, we are constrained to hold that the Legislature did not intend to delegate such general price fixing authority to The Board." Of course, the Alcoholic Beverage Control Board does have general statutory power to enact rules and regulations, 37 O.S. 514 [37-514](2) (1971). But under general precepts of administrative law as specifically applied to the Alcoholic Beverage Control Board in Oliver v. Alcoholic Beverage Control Board, supra, such rules and regulations must be within the limits of the powers specifically granted to the Board: "A public administrative body may make only such rules and regulations as are within the limits of powers granted to it and within the boundaries established by the standards, limitations and policies of the statutes giving it such power, and it may go no further than to make administrative rules and regulations which fill the interstices of the dominant enactment." 73 C.J.S. Public Administrative Bodies and Procedure, 94. Attorney General Opinion No. 63-461, addressed to Mr. Roy Parham made a similar holding: "The foregoing sections 514(1) and (2) clearly contemplate that the Board shall have authority to make administrative interpretations of the Act which are not inconsistent with the provisions thereof." (Emphasis added) Two other Oklahoma cases illustrate circumstances when ABC rules were upheld because they did cover areas specifically enumerated by the Legislature. In both cases the court found that the rules in question helped to directly enforce existing statutes and the Board was not opening up totally new areas of regulation. In State v. Parham, Okl., 412 P.2d 142 (1966), the subject was a new Alcoholic Beverage Control rule that required each liquor wholesaler to keep a minimum inventory consisting of a fifteen day supply of each of the top eighteen selling brands of alcoholic beverages. The purpose of the rule was to end a voluntary franchise arrangement among the Oklahoma wholesalers. In holding that the Board had authority to pass such a rule, the court pointed out several constitutional and statutory provisions requiring free and unrestricted competition in Oklahoma, including Article 27, 3 of the Oklahoma Constitution and 37 O.S. 521 [37-521] 37 O.S. 524 [37-524], 37 O.S. 533 [37-533] [37-533] and 37 O.S. 536 [37-536] (1971). In Gambulos v. ABC Board, Okl., 416 P.2d 959 (1966), the subject was a new Alcoholic Beverage Control Board rule that required liquor wholesalers to file their prices with the Board and to give five days public notice of impending price changes. The purpose of the rule was to end the wholesalers practice of daily, unannounced price changes that made discrimination possible. The court upheld the rule because it carried out the express intent of Section 536, supra. It is clear that the Alcoholic Beverage Control Board, like any administrative agency, may only enact rules and regulations covering areas specifically authorized by legislation. Answering your second question necessitates an understanding of affirmation of price. This is a mechanism that requires a person selling alcoholic beverages to a wholesaler to swear or affirm that he is selling to the wholesaler at a price no higher than the price at which he sells in any other state. The concept of a state requiring price affirmation was upheld in Seagrams v. Hostetter, 384 U.S. 35, 86 S.Ct. 1255
(1966) and Laird and Company v. Cheney, Kan., 414 P.2d 18
(1966). Presently affirmation is required in Oklahoma by statute, 37 O.S. 536.1 [37-536.1] (1971), and by Board rule, Article 3, 24. Affirmation is a unique concept to require low prices to the Oklahoma wholesalers. Affirmation is not mentioned in the Oklahoma Constitution nor is it mentioned in any of the other Alcoholic Beverage Control statutes. Likewise, neither the Constitution nor the statutes have provisions that in any way require the lowest possible prices to Oklahoma wholesalers. Absent Section 536.1 there would be no constitutional or statutory provisions relating to affirmation by name or by concept in requiring low prices to Oklahoma wholesalers. Absent Section 536.1 affirmation would not be a part of the constitutional or legislative scheme, and therefore an Alcoholic Beverage Control Board rule requiring affirmation would be without authority and invalid. It is, therefore, the opinion of the Attorney General that your questions be answered as follows. The Alcoholic Beverage Control Board does not have authority to pass rules and regulations in areas not specifically authorized by legislation. Absent 37 O.S. 536.1 [37-536.1] (1971), the Board is without authority to enact a rule requiring affirmation of prices to liquor wholesalers. (Daniel J. Gamino)