Dear Honorable Kincheloe,
The Attorney General has received your request for an official opinion asking, in effect:
 Is the Oklahoma Legislature prohibited from statutorily exempting from the jurisdiction of the Oklahoma Alcoholic Beverage Laws Enforcement Commission any alcoholic beverage, other than beer and cereal malt beverages containing no more than three and two-tenths percent (3.2%) of alcohol by weight?
On September 18, 1984, the people of Oklahoma adopted by popular vote the provision of State Question No. 563, enacting guidelines and limitations upon the regulation of alcoholic beverages in Oklahoma. Section Eleven thereof repealed the former provisions of Okla. Const. Article XXVII, which had provided limits in the same area since 1959.
State Question No. 563 is now denominated as Article XXVIII of the Oklahoma Constitution, and several provisions thereof are germane to your query. Section Three states, in pertinent part:
 "The Legislature shall enact laws providing for the strict regulation, control, licensing, and taxation of the manufacture, sale, distribution, possession, and transportation of alcoholic beverages, consistent with the provisions of this Amendment." (Emphasis added).
It has been previously advised that this language meant that the provisions of the new amendment were not self-executing and required further legislative action to effectuate. See, A.G. Opinion Nos. 84-197 / 84-148. Section Two of Article XXVIII provides a limitation on that grant of power:
 "The terms and provisions of this Amendment and laws enacted by the Legislature pursuant hereto, shall not include nor apply to any beer or cereal malt beverage containing not more than three and two-tenths percent (3.2%) of alcohol by weight[.]" (Emphasis added).
This dichotomy clearly evidences an intention that these types of beverages are not to be considered as alcoholic beverages, as that term is used in this constitutional mandate, nor treated in the same manner as those beverages that do come within its purview. As to the regulation and control of alcoholic beverages, Section Article XXVIII, Section 1 provides for an enforcement mechanism thusly:
 "There is hereby created the Alcoholic Beverage Laws Enforcement Commission. The purpose of the Commission shall be to enforce the alcoholic beverage laws of the State, and the Commission shall have such power and authority to enforce such laws, rules and regulations as shall be prescribed by the Legislature." (Emphasis added).
These constitutional provisions are relevant to your question because it is well settled that the Legislature possesses full authority to address all rightful subjects through legislation, particularly in the area of alcoholic beverages, unless that inherent authority has been channeled or limited by specific constitutional fiat. See, State, exrel. Grand Jury of McCurtain County v. Pate, 572 P.2d 226 (Okla. 1977);Oklahoma Alcoholic Beverage Control Board v. Heublein Wines, Int'l.,566 P.2d 1158 (Okla. 1977); Draper v. State Bd. of Equalization,414 P.2d 276 (Okla. 1966); Application of Kay, 341 P.2d 284 (Okla.Cr. 1959). See also, cf., Wiseman v. Boren, 545 P.2d 753, 761 (Okla. 1976).
The statutory codification passed by the Legislature to actualize the provisions of Article XXVIII is contained in the Oklahoma Alcoholic Beverage Control Act, codified presently at 37 O.S. 2 through 37 O.S.105 (1985). Your precise question asks if alcoholic beverages other than the beer or cereal malt beverages referred to in Article XXVIII, section 2 may be legitimately exempted from the jurisdiction of the ABLE Commission.
Under the plain language of Article XXVIII, Section 1 of the Constitution, the ABLE Commission is created to enforce the alcoholic beverage laws of the State, but only to the extent that it is invested with authority by the Legislature. As there is no limit placed on the Legislature's authority to decide what powers and duties the ABLE Commission possesses, the Legislature's ability to exempt certain alcoholic beverages from its jurisdiction is not fettered at the current time.
It is, therefore, the official opinion of the Attorney General that theLegislature is not prohibited by the provisions of Article XXVIII of theOklahoma Constitution from statutorily exempting any alcoholic beveragesfrom the enforcement oversight of the Oklahoma Alcoholic Beverage LawsEnforcement Commission.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
MICHAEL SCOTT FERN, ASSISTANT ATTORNEY GENERAL DEPUTY CHIEF, TORT DEFENSE DIVISION